[Cite as *State v. Armstrong*, 2017-Ohio-474.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27138 |
| | : | |
| v. | : | T.C. NO.   16-CRB-1632 |
| | : | |
| ORVAN L. ARMSTRONG | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th___ day of _____February_____, 2017.

. . . . . . . . . . .

MATTHEW O. KORTJOHN, Atty. Reg. No. 0083743, Assistant City Prosecutor, 335 W. Third Street, Rm. 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

EUGENE ROBINSON, Atty. Reg. No. 0010477, 131 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

        **{¶ 1}** Defendant-appellant Orvan L. Armstrong appeals from the trial court's denial of his motion to withdraw his guilty plea to one count of domestic violence, in violation of R.C. 2919.25(C), a misdemeanor of the second degree.   Armstrong filed a timely notice

of appeal with this Court on June 2, 2016.

{¶ 2} On March 20, 2016, Armstrong was charged by criminal complaint with one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree, and one count of assault, in violation of R.C. 2903.13(A), also a misdemeanor of the first degree. At his arraignment on March 21, 2016, Armstrong pled not guilty to both charges. The trial court set Armstrong's bail at $25,000.00 cash or surety and scheduled his trial to be held on April 4, 2016.

{¶ 3} On April 4, 2016, Armstrong pled guilty to the reduced charge of one count of domestic violence, in violation of R.C. 2919.25(C), a misdemeanor of the second degree. In return for Armstrong's guilty plea to the reduced charge, the State also dismissed the remaining count of misdemeanor assault. Thereafter, Armstrong was sentenced to ninety days in jail, given credit for sixteen days already served, and the remaining seventy-four days of his sentence were suspended pending his successful completion of the Stop the Violence program and a one-year term of basic supervised probation. The trial court also ordered Armstrong to have no contact with the victim.

{¶ 4} The record establishes that on April 18, 2016, Armstrong, represented by new private counsel, filed a post-sentence motion to withdraw his guilty plea. In his motion to withdraw, Armstrong argued that he did not injure the victim in any way. Rather, Armstrong asserted that the victim caused her own injuries by falling down a flight of stairs "unassisted." Armstrong also argued that his appointed counsel failed to discuss the alleged cause of the victim's injuries with a witness that he asserts would have testified that he was innocent of the charges brought against him. On May 2, 2016, the trial court held a hearing regarding Armstrong's motion to withdraw his guilty plea. At

the conclusion of the hearing, the trial court orally overruled Armstrong's motion to withdraw his guilty plea. Although Armstrong filed a timely notice of appeal of the oral ruling on June 2, 2016, the trial court issued a written decision overruling his motion to withdraw his guilty plea on July 8, 2016. Upon request by Armstrong, we permitted the appellate record to be supplemented with the trial court's written decision.

{¶ 5} It is from this judgment that Armstrong now appeals.

{¶ 6} Because they are interrelated, Armstrong's first and second assignments of error will be discussed together as follows:

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION TO WITHDRAW HIS FORMER PLEA BECAUSE IT LIMITED THE GROUNDS FOR RELIEF TO ERROR SHOWN DURING THE COURT PROCEEDINGS."

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING DEFENDANT'S MOTION TO WITHDRAW HIS FORMER PLEA OF GUILTY TO THE CHARGE WHERE DEFENDANT DID NOT UNDERSTAND HIS RIGHT TO POSTPONE THE TRIAL TO ANOTHER DATE WHEN HIS KEY WITNESS WAS PRESENT AND DEFENDANT WAS PREJUDICED BY THE PRIOR CONVICTION, WHICH CONSTITUTED MANIFEST INJUSTICE."

{¶ 9} In both of his assignments, Armstrong contends that the trial court abused its discretion when it overruled his post-sentence motion to withdraw his guilty plea because his appointed counsel failed to subpoena a particular witness on the day his trial was scheduled. Armstrong further argues that his appointed counsel was ineffective for talking him into pleading guilty to a crime that he asserts that he did not commit and for

not informing him of his right to continue the trial date.

{¶ 10} "We review a trial court's decision on a post-sentence motion to withdraw guilty plea and on a decision granting or denying a hearing on the motion for an abuse of discretion. * * *." *State v. Ogletree,* 2d Dist. Clark No. 2014–CA–16, 2014–Ohio–3431, ¶ 11. "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990)." *State v. Chase,* 2d Dist. Montgomery No. 26238, 2015–Ohio–545, ¶ 17.

{¶ 11} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice. Crim.R. 32.1; *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002–Ohio–2278, ¶ 7, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks,* 2d Dist. Montgomery No. 23385, 2010–Ohio– 1682, ¶ 8, quoting *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, a post sentence motion to withdraw is allowable only in extraordinary cases. *Smith* at 264.

{¶ 12} As this Court has noted:

A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent

counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*State v. Askew,* 2d Dist. Montgomery No. 20110, 2005–Ohio–4026, ¶ 8, quoting *State v. Barnett,* 73 Ohio App.3d 244, 250, 596 N.E.2d 1101 (2d Dist.1991).

{¶ 13} At the hearing on Armstrong's motion to withdraw his guilty plea, the following exchange occurred:

The Court: All right. Do you wish to be heard on your motion?

Defense Counsel: Yes I do, Your Honor. Your Honor, I've tried cases based upon the belief that a hallmark of fairness in any case, any trial, is one of manifest justice and when that is intervened or contravened where there is injustice in anywhere in the proceedings, even at the very outset, the Court should take cognizant [sic] of those, that fact and make some correction to enable the defendant and to put of record [sic], justice. In this case, the Defendant maintains his innocence after entering a plea of guilty. [Armstrong] did so, he said, because he had one of two witnesses in court. He had a complaining witness who was acting falsely before the Court and he was under advice of his counsel who had not even discussed the case with one of, the witness he did bring to court. For that reason, I think that the case that the Court is faced with [sic] a situation of manifest injustice and procedurally in substance substantially this Court should

recognize it and we ask that the Court permit him to withdraw his plea and to have a trial on the facts as you've heard today. Thank you.

The Court: Mister Kortjohn?

The State: Your Honor, there has not been any manifest injustice in this case. There has not been an injustice at all. There is nothing that's changed since the day the defense case was set for trial except that he regrets his decision. He has buyer's remorse, Your Honor. Buyer's remorse is not a reason to allow a defendant to withdraw the plea post hearing. The Defendant's testimony was that he was essentially kind of bullied into this by his attorney that was representing him that day. When he was able to and had the wherewithal as soon as he was out of jail to file this motion, to direct his attorney, new attorney as to what he wanted to see happen with this case, and to recount his statement of the facts. Clearly the Defendant in this case has no problem directing his counsel or essentially asserting himself. In this proceeding he just chose not to that [sic] when he should have, which is the day of the trial. The Defendant pled with the expectation that he was going to be released from jail, now he wants to fight the case. That's really the only thing Your Honor that's changed and that's not a manifest injustice Your Honor. I know that this Court especially goes through a very detailed plea colloquy in domestic violence cases and I'm, I've not had a chance to listen to the plea in this case but I'm quite sure the Defendant was advised of his rights, advised of the consequence of pleading, advised of his right to have a reasonable

continuance, which is something that he could have done if he wanted additional witnesses to be here on his behalf. He chose to waive all of that and plead guilty to a, an agreed upon reduced charge that was done for his benefit and then was released from jail Your Honor. The, it's my understanding from speaking with counsel that was present at the time of the plea that the Defendant even made an apology to the complaining witness.

The Defense: Objection as to that.

The State: The Court can certainly play the plea back if there is any question about that Your Honor, but I think the Defendant even admitted on [sic] his testimony on cross-examination that he had made an apology but again it was something else he was told to do. So, the Defendant's testimony in this case Your Honor lacks credibility. Even if the Court did find credibility in the Defendant's testimony, the Court could not find that there has been a manifest injustice at this time requiring withdrawal of the plea and we would ask that the Court overrule the defense motion to withdraw a plea after sentencing.

The Court: [Defense Counsel].

Defense Counsel: Just a word or two Your Honor. Mister Armstrong did attempt to explain his basis for the apology. He apologized because he felt that there was a need to do so in view of all of the circumstances that, that the complainant was confronting hereself [sic] with but nevertheless he still maintains his innocence. I think innocence on a

motion to withdraw is a case from principle that should be observed. We have had some, they have common friends and we learned from friends of both of them that she has recanted outside of court –

The State: Your Honor I'm going to object to that. Obviously there has been no testimony to that in this hearing.

\*\*\*\*

The Court: \*\*\*\* [T]he record is clear that you entered a plea on, in April and that you were sentenced that day. And since you have been sentenced the standard is much different for the Court to consider a withdrawal or to vacate the guilty plea. The standard is manifest injustice. Now, you are concentrating (sic) that the manifest injustice occurred simply because the complaint was filed and that is not enough. The complaint cannot be considered as evidence. The complaint is not. You are presumed innocent at all times unless you are found guilty by a, at the conclusion of a trial and until you enter a guilty plea. So, you've entered a guilty plea in this matter and so the Court has to consider that whether there was a manifest injustice procedurally or substantially, substantively, and I can't see it here. The fact that you were in jail is not duress. You had an attorney, you consulted with your attorney, the Court went over information with you, and this Court every single day entertains motions to continue. Simply because you were in jail wouldn't have changed that –

Armstrong: She never told me I could continue it.

The Court: You voluntarily, intelligently, and knowingly entered a

guilty plea and that's what I, nothing presented here today leads me to believe otherwise –

Armstrong: She never said –

The Court: And for those reasons I'm going to deny your motion to withdraw your guilty plea. Thank you both.

{¶ 14} Upon review, we conclude that the record reflects that Armstrong did not have legitimate grounds for withdrawing his plea. Armstrong alleged in his motion to withdraw that his defense counsel failed to inform him that he could request a continuance of his trial and did not speak with witnesses who could testify on his behalf. These assertions are belied by the transcripts from his Crim.R. 11 plea hearing and his written motion to withdraw his guilty plea. Specifically, at the plea hearing, Armstrong's appointed counsel stated the following to the trial court:

I know we are entering a plea, we're not having a trial so we are not going to do a whole bunch of debate about the facts but this is a plea to a D.V. threats and part of that is that he does have dispute for how some of her injuries were sustained. I did have an opportunity to speak to one of the witnesses as well. He indicated that [the victim] had been drinking that night. It is my understanding that [the victim] does have a history of having drinking (sic) and *that some of those injuries were sustained \*\*\* by destruction of items in the home, photographs of which I've had an opportunity to review.* \*\*\*

{¶ 15} Before proceeding to sentencing, the trial court asked Armstrong if he wished to make any statements. Armstrong stated the following:

I just want to say I'm sorry that I don't do this kind of stuff. I want to say I'm sorry to [the victim]. *Tell her whatever happened I didn't mean it.*

**{¶ 16}** We also note that during the plea hearing, Armstrong indicated that he was satisfied with the representation afforded him, and he had sufficient time to discuss the matter with his lawyer. Armstrong acknowledged that he had not been threatened or promised anything other than the dismissal of a charge against him in return for his guilty plea. Armstrong stated he was not under the influence of drugs or alcohol. Armstrong did not indicate to the court that he was under any emotional stress. Armstrong indicated that his plea was voluntary and acknowledged that he understood the nature of the charges against him. Armstrong acknowledged all of his rights, indicated that he understood them, and signed the plea form.

**{¶ 17}** Accordingly, Armstrong's complaint that he felt like he was pressured to plead guilty is not supported by the record. Based on our review of the transcript, defense counsel did no more than what any good attorney would do. Defense counsel apparently believed that Armstrong would be convicted and that accepting the plea deal was in her client's best interest. Defense counsel conveyed these opinions to Armstrong and encouraged him to accept the State's offer. During the Crim.R. 11 hearing, Armstrong admitted that no one forced or coerced him into accepting the plea agreement and that he did so of his own free will. Significantly, he acknowledged wrongdoing by acknowledging "whatever happened, I didn't mean it." The transcript of the plea hearing also indicates that the trial court clearly informed him that he was entitled to a continuance to further discuss his case with his appointed counsel. Where nothing in the record supports a defendant's ineffective assistance of counsel claim other than his own self-

serving statements, the record is insufficient to overcome the presumption that the plea was voluntary. *State v. Laster,* 2d Dist. Montgomery No. 19387, 2003–Ohio–1564, ¶ 8. In such a case, a trial court does not err when it overrules a motion to withdraw a plea pursuant to Crim.R. 32.1. We also note that Armstrong's allegations of ineffective assistance do not constitute new evidence that he was unaware of at the time he entered into the plea. Rather, his argument in this regard is grounded on matters outside the record which can only be addressed by a post-conviction relief motion. *Id.*

{¶ 18} It is apparent from the record that the trial court gave Armstrong's motion to withdraw full and fair consideration. For the foregoing reasons, we conclude that Armstrong was not entitled to withdraw his plea under the post-sentence standard applicable to his written motion. The record before us establishes that Armstrong's change of heart was not sufficient to justify withdrawal of the guilty plea. Therefore, because the record indicates that Armstrong failed to demonstrate a manifest injustice as a result of his trial counsel's alleged ineffective assistance, we do not find that the trial court abused its discretion in overruling his post-sentence motion to withdraw his guilty plea to one count of domestic violence.

{¶ 19} Armstrong's first and second assignments of error are overruled.

{¶ 20} Both of Armstrong's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and BROGAN, J., concur.

(Hon. James A. Brogan sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Matthew O. Kortjohn
Eugene Robinson
Hon. Deirdre E. Logan