[Cite as *State v. Bradley*, 2020-Ohio-30.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                        No. 108294

    v.                             :

YAPHET J. BRADLEY,                      :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627432-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl Mazzone, Carson Strang, and Blaise D. Thomas, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Yaphet Bradley, on the morning of his trial, pleaded guilty to aggravated murder with prior calculation and design, along with attendant firearm specifications, gross abuse of a corpse, and tampering with evidence. Before the trial

court sentenced Bradley to an aggregate term of imprisonment of life without the possibility of parole, Bradley sent the trial court a letter announcing his desire to withdraw his plea. Following the sentencing hearing, which included a hearing on Bradley's motion to withdraw the guilty plea, Bradley appealed.

{¶ 2} Neither of the parties provides a recitation of the facts underlying the criminal conduct, and as a result, we must conclude that the facts are irrelevant to the outcome of this appeal. The sole issue advanced in this appeal is determining whether the trial court abused its discretion by denying Bradley's motion to withdraw his guilty plea.

{¶ 3} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 4} Some appellate courts have recognized a nonexhaustive set of factors for consideration of a motion to withdraw a plea. *See, e.g.*, *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, 2013-Ohio-4041, ¶ 19. Those factors include the reasons for the motion, whether the state will be prejudiced by the withdrawal, whether the timing of the motion was reasonable, whether the defendant understood the nature

of the charges and potential sentences, and whether the accused was perhaps not guilty or had a complete defense to the charge. *Id.*, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734, ¶ 13.

{¶ 5} The sole assignment of error asks this court to consider the aforementioned factors without regard to the trial court's decision. Bradley is essentially seeking de novo review of the factors a trial court may consider in determining whether the circumstances justify withdrawal of the plea. *Xie* at 527. Appellate review is limited to determining whether the trial court abused its discretion in denying the motion to withdraw the plea. Courts of review cannot substitute their judgment for that of the trial court by independently weighing the factors that inform the trial court's consideration of whether the offender justified a request to withdraw a plea. An appellate panel must defer to the trial court's judgment in evaluating the "good faith, credibility and weight" of the offender's motivation and assertions in entering and attempting to withdraw his plea. *See Xie* at 525, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). A trial court does not abuse its discretion in overruling a motion to withdraw a plea: (1) where the accused is represented by highly competent counsel; (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*,

68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 6} The single reason offered for withdrawing his guilty plea was Bradley's self-serving claim that his attorneys coerced him into pleading guilty by promising that the trial court would impose the minimum sentence in exchange for the plea. In his motion, Bradley did not discuss any other reason for his request. In order to substantiate the claim of coercion, a defendant "must submit supporting material containing evidence that the guilty plea was induced by false promises." *State v. Thomas*, 8th Dist. Cuyahoga No. 85294, 2005-Ohio-4145, ¶ 5, citing *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983). A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991); *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 7} Instead of offering evidence of the alleged coercion at the hearing, and after conceding that he told the trial court during the plea colloquy that he was satisfied with his counsel's performance and he was not promised anything in return for the guilty plea, Bradley reiterated his self-serving statement that his attorneys induced the guilty plea with promises of leniency. Importantly, during the hearing on Bradley's motion to withdraw his plea, Bradley's attorneys both specifically disclaimed ever attempting to predict the ultimate sentence when offering their

advice and counsel to Bradley. Thus, Bradley's claim of coercion was unsubstantiated.

{¶ 8} After considering the preeminent qualifications of Bradley's attorneys and the fact that the withdrawal request was based on a mere change of heart, the trial court denied Bradley's motion. Upon our review, the record indicates that the trial court complied with all the requirements of Crim.R. 11 in accepting Bradley's guilty plea that was made the morning of trial and gave full consideration to Bradley's motion at the hearing conducted immediately before the sentencing. In accordance with the foregoing, we cannot conclude that the trial court abused its discretion in denying Bradley's request to withdraw his plea. The assignment of error is overruled. We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR