[Cite as *State v. Hines*, 2020-Ohio-663.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                          No. 108326

v.                                                     :

ANTHONY HINES,                             :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 27, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623566-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Sarah J. Denney, Assistant Prosecuting
Attorney, *for appellee.*

Myron P. Watson, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Anthony Hines ("Hines") appeals from the trial court's judgment denying his motion to withdraw his guilty plea. For the reasons that follow, we reverse the trial court.

**Facts**

{¶ 2} On November 27, 2017, Hines was arrested and later indicted for Count 1 of having a weapon while under disability, a third-degree felony, and Count 2 of improperly handling a firearm in a motor vehicle, a fifth-degree felony. Both charges included forfeiture specifications as to the weapon and ammunition. Hines's counsel of record appeared at his arraignment on December 22, 2017, where Hines pled not guilty to both charges.

{¶ 3} Hines's counsel of record was unable to appear at two subsequent pretrials, both in January, where Hines was represented by substitute counsel. Counsel of record appeared for a February 13, 2018 pretrial, where a trial date was set at Hines's request. On May 1, 2018, the date of the trial, counsel notified the court that Hines would enter a change of plea.

{¶ 4} The state alleged that Hines had been found intoxicated and entered a vehicle where an AM-15 assault rifle with ammunition was clearly visible. Hines's counsel of record was at this hearing and, though she implied that she disputed the facts, she informed the court that her client was ready to plead guilty. Contingent upon Hines's plea, the state asked the court to nolle and dismiss the charge of having a weapon under a disability. Hines pled guilty to the remaining count of improperly handling a firearm in a motor vehicle with forfeiture specifications. Sentencing was scheduled for June 5, 2018.

{¶ 5} Upon Hines's request, sentencing was continued to June 25, 2018. In the interim, Hines dismissed his counsel and hired new counsel, who filed a notice

of appearance on June 5, 2018.  On June 7, 2018, Hines filed a motion to withdraw his guilty plea. He raises a single assignment of error for our review. For the following reasons, we reverse and remand.

## Assignment of Error

The trial court abused its discretion when it denied the appellant's motion to withdraw guilty plea.

## Motion to Withdraw Guilty Plea

{¶ 6}   Ohio Crim.R. 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 7}   We review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion.  *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).  "'The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  A Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 263, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

**{¶ 8}** A defendant does not have an absolute right to withdraw a plea prior to sentencing, but the "trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Xie* at 527. At that hearing, a defendant must receive "full and fair consideration" of their motion. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980). Following the hearing, it is within the discretion of the trial court to deny the motion; however, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *Xie* at 527. That did not happen here.

**{¶ 9}** This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects: (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea withdrawal request. *Id.* at 214.

**{¶ 10}** In addition to the *Peterseim* factors, Ohio courts have recognized a nonexhaustive list of additional factors, which trial courts should also consider when deciding a presentence motion to withdraw a plea. *See, e.g.*, *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, 2013-Ohio-4041, ¶ 19. These factors include: 5) whether the motion was made timely; 6) whether the motion states specific reasons for withdrawal; 7) whether the defendant understood the nature of the charges and the possible penalties; 8) whether the defendant was perhaps not guilty or had a

complete defense; and 9) whether the state would suffer prejudice if the defendant is allowed to withdraw the plea. *State v. Benson*, 8th Dist. Cuyahoga No. 83718, 2004-Ohio-1677, ¶ 9; *State v. Sellers*, 10th Dist. Franklin No. 07AP-76, 2007-Ohio-4523, ¶ 34; *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734, ¶ 13.

{¶ 11} Despite the presence of several factors in Hines's favor, the court relied on its full compliance with Crim.R. 11(C)(2) in denying his motion. The result was a predetermined hearing.

{¶ 12} The court continually suggested that it was "struggling to find a basis" for withdrawing the plea. At one point the court stated that:

> I mean, this is pretty straightforward, and I know each judge on the bench has his or her own way of doing it, but I try to do this to make sure everybody understands what's going on, or if there's a problem, we can deal with it, and it's been asked every way possible that I can think of.

{¶ 13} Hines presented several arguments for consideration that weighed in favor of granting his motion. His motion was timely, especially given that new counsel needed time to acquaint himself with the facts of the case. Hines asserted his innocence of the charges in his affidavit and, at best, the record is unclear as to his innocence or guilt. Finally, this was no mere change of heart; Hines informed the trial court that he was blindsided by the events of the change-of-plea hearing — based in part on lack of communications with his counsel. One exchange highlights his misunderstanding and his genuine desire to withdraw his plea:

> THE COURT: Why does it take you a month to file papers to say what happened a month ago is not right?

THE DEFENDANT: To be honest with you, it didn't take me a month, it took me two or three seconds. When we were walking out of here, she was like, if we can't get this dismissed, don't worry, we'll just withdraw the plea.

{¶ 14} Hines's immediate desire to withdraw his plea is genuine; when compared to a recent decision by this court, Hines's desire is even more stark. In *State v. Bradley*, 8th Dist. Cuyahoga No. 108294, 2020-Ohio-30, the trial court learned of the defendant's wish to withdraw his plea after the defendant sent a jailhouse letter prior to his sentencing. At his hearing to withdraw his plea, Bradley — who pled guilty to aggravated murder with prior calculation and design — alleged that his counsel had coerced him into accepting a plea with a promise that he would receive a minimum sentence. Both of Bradley's attorneys offered testimony at his withdrawal hearing that directly contradicted Bradley's account. He was ultimately sentenced to an aggregate term of imprisonment of life without the possibility of parole.

{¶ 15} In contrast to *Bradley*, Hines faced a much less severe felony conviction. Despite that, Hines took immediate steps to withdraw his plea. He dismissed his original counsel, hired new counsel, moved to postpone his sentencing, submitted an affidavit, and filed a motion to withdraw within a month of his plea. And, while Bradley's counsel appeared in order to contradict his testimony at his hearing, Hines's counsel was not called to testify.

{¶ 16} Despite those arguments in his favor, the trial court's exchanges with Hines indicate the court had already made up its mind. The court continually

referenced the perfect nature of the plea colloquy. That is not dispositive, however, where other factors indicate that it would be appropriate to withdraw a plea, as this court has previously held. *See State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, at ¶ 45 (8th Dist.).

{¶ 17} Presentence withdrawal of pleas are meant to be provided liberally; Hines has shown sufficient cause as to why his situation merits relief. He was timely in submitting his request given his situation and forthright in explaining his mindset to the court. Further, from the record, it is clear that Hines was dealing with two different counsel — his counsel of record and substitute counsel whom he alleged provided inconsistent advice — as his plea was being negotiated. The court should have granted his motion to withdraw his plea.

{¶ 18} The record reflects Hines's confusion and lack of understanding as to his plea. His actions of dismissing his original counsel and hiring new counsel and his straightforward exchange with the trial court reflect this was not a mere change of heart.

{¶ 19} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MICHELLE J. SHEEHAN, J., CONCURS IN JUDGMENT ONLY