[Cite as *State v. Barkley*, 2020-Ohio-2830.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108869 |
| v. | : | |
| CHARLES F. BARKLEY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 7, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-637725-C

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sean M. Kilbane, Assistant Prosecuting Attorney, *for appellee.*

Christopher M. Kelley, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Charles F. Barkley ("Barkley") appeals the trial court's decision to deny his presentence motion to withdraw his guilty plea. After reviewing the record, we affirm the trial court's decision.

**Background**

{¶ 2} Barkley was indicted under an eight-count indictment with four counts of first-degree felony aggravated robbery and four counts of second-degree felony robbery. All counts included one- and three-year firearm specifications along with a notice of prior conviction and a repeat violent offender specification. The offenses allegedly occurred at a Game Stop and involved the use of a deadly weapon. There were four victims identified in the indictment.

{¶ 3} Barkley's trial counsel negotiated a favorable plea agreement pursuant to which Barkley entered a plea of guilty to two counts of aggravated robbery, first-degree felonies in violation of R.C. 2911.01(A)(1), as amended by deletion of the firearm specification, notice of prior conviction, and repeat violent offender specification on each count. The remaining six counts were nolled.

{¶ 4} The transcript reflects that prior to taking the guilty plea, the trial court complied with Crim.R. 11 and engaged in a thorough colloquy with Barkley. Barkley acknowledged that he understood what was happening, that he was not threatened or forced to enter his plea of guilty, that no promises had been made, and that he was satisfied with his attorney's representation. Barkley also acknowledged that he understood the rights he was waiving by entering his plea and that a plea of

guilty was an admission to the truth of the facts and his full guilt. At no point did he express any concern, and the trial court found that his plea was knowingly, intelligently, and voluntarily entered.

{¶ 5} Prior to the sentencing hearing, Barkley's counsel informed the court that Barkley wished to withdraw his plea and Barkley filed a motion to withdraw his guilty plea. In Barkley's motion, he argued that he accepted the plea offer and entered his guilty plea "primarily on the basis that he did not believe his counsel was confident in trying his case." After a hearing, the trial court denied the motion. The trial court proceeded to sentence Barkley to four years on each of the first-degree felony counts with the terms run concurrent to each other. Barkley timely filed this appeal.

**Law and Analysis**

{¶ 6} Under his sole assignment of error, Barkley claims that the trial court erred by denying his presentence motion to withdraw his guilty plea. He claims that he was not represented by competent counsel and that his guilty plea was the product of duress.

{¶ 7} We review a trial court's ruling on a presentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). A defendant has no right to withdraw a guilty plea and although there is a general rule that a presentence motion to withdraw a guilty plea is "'to be freely allowed and treated with liberality,'" the decision remains "'within the sound discretion of the trial court to determine what circumstances justify granting such a

motion.'" *Id.*, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

As this court held in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th

Dist.1980), paragraph three of the syllabus:

> A trial court does not abuse its discretion in overruling a motion to withdraw:  (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered his plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

{¶ 8}  The record in this case reflects that the trial court conducted a

complete and impartial hearing on Barkley's motion to withdraw his guilty plea and

gave full and fair consideration to the motion.  Barkley claimed that he perceived an

unwillingness of his trial counsel to try the case, that his trial counsel was not

prepared for trial, and that he felt pressure to take the plea deal.  However, the trial

court noted that Barkley did not express this during the plea hearing, rather he had

acknowledged his satisfaction with counsel.  Barkley does not dispute that the trial

court complied with Crim.R. 11 at the plea hearing.  Further, at the hearing on

Barkley's motion, his trial counsel expressed that she was not reluctant to try the

case and that her role was to advocate for Barkley's best interest.  The trial court

noted that counsel did an "outstanding job" in advocating for her client.

{¶ 9}  Although Barkley complained that his trial counsel did not subpoena

two witnesses at Barkley's request, counsel indicated that "those attempts to request

the individuals that he's indicated were futile," and Barkley did not provide the court

with any information as to whether those individuals would have testified on his

behalf or as to what testimony those individuals may have offered in support of his defense. "Where nothing in the record supports a defendant's ineffective assistance of counsel claim other than his own self-serving statements, the record is insufficient to overcome the presumption that the plea was voluntary." *State v. Armstrong*, 2d Dist. Montgomery No. 27138, 2017-Ohio-474, ¶ 17, citing *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8. Further, a "change of heart" does not justify a withdrawal of a guilty plea. *State v. Parker*, 8th Dist. Cuyahoga No. 108133, 2019-Ohio-5118, ¶ 44, citing *State v. Sylvester*, 2d Dist. Montgomery No. 22289, 2008-Ohio-2901, ¶ 19. The record demonstrates that Barkley was represented by highly competent counsel and that he voluntarily chose to accept a favorable plea deal.

{¶ 10} Ultimately, the trial court determined that the circumstances of this case did not justify granting Barkley's motion. We find no abuse of discretion by the trial court and overrule Barkley's assignment of error.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
ANITA LASTER MAYS, J., DISSENTS
WITH SEPARATE OPINION


ANITA LASTER MAYS, J., DISSENTING:

{¶ 12} I respectfully dissent from the majority opinion and would reverse the trial court's decision, vacate Barkley's convictions and sentence, and remand to the trial court.

{¶ 13} The trial court's decision to deny Barkley's presentence motion to withdraw his guilty plea is not an abuse of discretion if the record reflects that Barkley was represented by highly, competent counsel; he was given a hearing in accordance with Crim.R. 11 before the trial court took his plea; he was given a complete and impartial hearing on the motion; and the court gives full and fair consideration to the plea withdrawal request. *State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 9.

{¶ 14} In addition, there are other factors that this court has recognized the trial court should consider when making its determination. These factors include whether Barkley's motion was timely; whether his motion states specific reasons

for withdrawal; whether Barkley understood the nature of the charges and the possible penalties; whether Barkley was perhaps not guilty or had a complete defense; and whether the state would suffer prejudice if Barkley is allowed to withdraw the plea. *Hines* at ¶ 10.

{¶ 15} A review of the record reflects that Barkley was represented by competent counsel and was afforded a hearing in accordance with Crim.R. 11 before the trial court took his plea. However, I find that Barkley was not given a complete and impartial hearing on the motion, nor full and fair consideration to the plea withdrawal request regarding a few of the remaining factors of Barkley's specific reasons for withdrawal. A review of the record revealed that at the motion to withdraw hearing, the trial court heard from the state and defense counsel, then denied Barkley's motion. The trial court stated, "After reviewing the transcript and everything that's been said here today, I am denying your motion to withdraw your plea." (Tr. 19.) After the trial court's denial, the trial court asked Barkley if he wanted to address the court. (Tr. 20.)

{¶ 16} When Barkley addressed the trial court, he communicated that he was unsatisfied with his trial counsel's representation because he believed that she was reluctant to have his case go to trial and would not advocate on his behalf. Barkley also proclaimed his innocence and asked his counsel to contact potential witnesses for his case. Barkley expressed that he felt pressured by the state to make a plea deal, because the state stated that if Barkley did not take the plea deal before the plea hearing, the terms would expire by the end of the hearing. Barkley

explained that he told his trial counsel that he never wanted to accept a plea deal, and that he wanted to go to trial. The trial court stated that after its review of the transcript, Barkley stated that he was satisfied with his counsel's representation. Barkley then stated that he was upset and distraught and that he "was not even thinking about that." (Tr. 20.) The trial court then allowed trial counsel to address Barkley's concerns. (Tr. 20-21.)

{¶ 17} Barkley's trial counsel then stated, on the record, that Barkley did supply her with phone numbers of potential witnesses, but she did not call them because she "simply don't have time for that." Instead, she paid someone to call and their attempts to reach the witnesses were futile. Barkley's trial counsel also stated, "no lawyer is going to subpoena people to come down that you have never spoken to, nor do you know what they will or will not say." (Tr. 21.) The trial court asked was there anything further, and Barkley reiterated that defense counsel never contacted the people he requested her to subpoena. (Tr. 22.) Without final comment regarding Barkley's concerns, the trial court stated that it was moving forward with sentencing. *Id.*

{¶ 18} I find that the trial court denied Barkley's motion before it heard from him. In addition, Barkley was denied the right to have witnesses subpoenaed on his behalf. Witnesses could have been subpoenaed and if they appeared the result may have been different. If the witnesses did not appear, at least that right would not have been denied. The record is void of any inquiry regarding his statements to his trial counsel of being not guilty and adamantly wanting to go to

trial. I also find that this is not a mere change of heart. In contrast to the facts in a recent decision by this court, this court affirmed the trial court's denial of a presentence motion to withdraw based on the defendant's "mere change of heart." *State v. Bradley*, 8th Dist. Cuyahoga No. 108294, 2020-Ohio-30, ¶ 8. I find that the trial court did not demonstrate that it considered other factors in making its decision, but rather continued referring to the plea colloquy. A plea colloquy "is not dispositive, however, where other factors indicate that it would be appropriate to withdraw a plea, as this court has previously held. *See State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 45 (8th Dist.)." *Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, at ¶ 16.

{¶ 19} "Presentence withdrawal of pleas are meant to be provided liberally * * *." *Id.* at ¶ 17. Barkley has shown sufficient cause as to why his situation merits relief. I previously acknowledged that Barkley was given a hearing in compliance with Crim.R. 11 before the trial court took his plea and that he had highly, competent counsel. However, in my review of the record, I find that the trial court did not consider all of the necessary factors. Additionally, the record reveals that the trial court made its decision before it heard from Barkley. I find that the trial court abused its discretion. Although I acknowledge that Barkley received an excellent plea deal, I would reverse the trial court's decision to deny Barkley's motion to withdraw his guilty plea and remand to the trial court.