[Cite as *State v. Edwards*, 2011-Ohio-3472.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95976**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MALEIK EDWARDS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-473528

**BEFORE:**  Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    July 14, 2011

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, Maleik Edwards, brings the instant appeal challenging the procedures used during his 2010 de novo resentencing hearing.   After a thorough review of the record and law, we affirm.

{¶ 2}  Appellant was arrested and charged with counts stemming from the assault of a female on March 2, 2006.   He pled guilty to one count of felonious assault, a second degree felony, and one count of domestic violence, a first degree misdemeanor.   He was sentenced on April 13, 2006 to an aggregate prison term of five years and informed of a mandatory five-year period of postrelease control.   However, the appropriate mandatory period of

postrelease control for the second degree felony conviction in this case is three years.   R.C. 2967.28(B)(2).

{¶ 3}   The state sought to have appellant resentenced at a de novo sentencing hearing to properly impose postrelease control.  The trial court held a hearing on October 7, 2010, 15 days prior to appellant's stated release date from prison.  Appellant was given an opportunity to meet in private with his attorney using the video conferencing equipment set up in the courtroom.   Appellant specifically waived his physical presence in the courtroom at the outset of the resentencing hearing.   When asked if he would like to address the court prior to the announcement of the sentence, appellant stated, "I'm perfectly fine with what I was told by the attorney so I have nothing really to say."   The trial court then imposed appellant's original sentence with the exception of properly imposing a three-year term of postrelease control.

{¶ 4}   Appellant then filed the instant appeal raising a single assignment of error.

## Law and Analysis

### Right to Counsel

{¶ 5}   Appellant claims on appeal that "[t]he trial court erred by conducting a de novo sentencing hearing by video conference for the purpose

of imposing postrelease control in violation of Article I, Section 10 of the Ohio Constitution and Criminal Rule 43."

{¶ 6} Appellant appropriately points out that Article I, Section 10 of the Ohio Constitution requires that a criminal defendant "[i]n any trial, in any court, * * * be allowed to appear and defend in person and with counsel[.]" Appellant also correctly reads this provision together with Crim.R. 43(A)(1), which states that "the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules[,]" to conclude that appellant must be given the opportunity to appear at the resentencing hearing with counsel. However, Crim.R. 43(A)(2) goes on to provide for appearance via video conference. It states, "[n]otwithstanding the provisions of division (A)(1) of this rule, in * * * felony cases where a waiver has been obtained in accordance with division (A)(3) of this rule [a waiver in writing or on the record], the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:

{¶ 7} "(a) The court gives appropriate notice to all the parties;

{¶ 8} "(b) The video arrangements allow the defendant to hear and see the proceeding;

**{¶ 9}** "(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

**{¶ 10}** "(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested."

**{¶ 11}** Appellant failed to raise any objection to his appearance via video conference during the proceedings below or to the validity of his waiver of personal appearance. Therefore, he has waived all but plain error. *State v. Reed*, Franklin App. No. 09AP-1164, 2010-Ohio-5819, ¶13.

**{¶ 12}** To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See *State v. Tichon* (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166, 1996-Ohio-100, 661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional

circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643.

{¶ 13} In the present case, appellant was given the opportunity to speak privately with counsel prior to the start of the hearing. Appellant complains that this consultation was not private because it took place in the courtroom, where anyone could walk in at any time. However, there is no evidence that traffic through the courtroom compromised appellant's ability to consult with his attorney. The record indicates that appellant was satisfied with the information relayed by his attorney. This also indicates that appellant was given the opportunity to speak with counsel, and appellant had no objection to the privacy afforded.

{¶ 14} Although the record is devoid of any explanation by the trial court informing appellant that he could speak privately with counsel at any time, this lapse must still be analyzed through the rubric of harmless error. See *State v. McCollins*, Cuyahoga App. No. 95486, 2011-Ohio-2398, ¶7, citing *State v. Williams* (1983), 6 Ohio St.3d 281, 452 N.E.2d 1323 ("the defendant's absence in violation of Crim.R. 43(A), although improper, can constitute harmless error where he suffers no prejudice.").

{¶ 15} Appellant argues that he was prejudiced by the waiver of his right to appear in person because the state could not have procured his presence to resentence him before he finished serving his prison term.

Appellant provides no evidence that the state could not have secured his presence within 15 days. Further, appellant was afforded the opportunity to speak with his attorney in private and indicated he was satisfied with that opportunity. He received the same sentence, with the addition of a shorter but required period of postrelease control. Appellant has failed to show any prejudice that resulted from his waiver of appearance in person at his resentencing hearing.

{¶ 16} Appellant's rights were adequately protected by counsel at the resentencing hearing, and appellant never requested that counsel appear with him at the institution where he was incarcerated. The error raised by appellant involving a lack of notice of his ability to consult with counsel at any time was harmless error. Therefore, appellant's assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR