[Cite as *State v. Carner*, 2021-Ohio-2312.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

STATE OF OHIO,                                 :

    Plaintiff-Appellee,              :

                                 No. 109914

    v.                                          :

PATRICK CARNER,                               :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 8, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-645307-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson Strang, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, L.L.C., and Joseph Patituce, *for appellant.*

SEAN C. GALLAGHER, P.J.:

**{¶ 1}** Appellant Patrick Carner appeals his convictions for tampering with evidence and obstructing official business, along with the sentence imposed by the trial court. Upon review, we affirm the judgment of the trial court.

**Background**

**{¶ 2}** On November 14, 2019, appellant was indicted on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree, with a furthermore clause that he created a risk of physical harm to a person.

**{¶ 3}** Appellant entered a plea of not guilty to the charges, several pretrials were held, and the case was scheduled for trial. After several delays due to the COVID-19 pandemic, on June 18, 2020, a change-of-plea hearing was held at which appellant retracted his former plea of not guilty and entered a plea of guilty to the charges. Appellant and his counsel appeared at the plea hearing via Zoom from defense counsel's office. The assistant prosecutor requested that a Crim.R. 43 "waiver of appearance in the courtroom" be placed on the record, and defense counsel indicated "[defendant] consents to do this by Zoom video." The trial court proceeded to engage in a colloquy with appellant and complied with the requirements of Crim.R. 11. When asked if anyone, "including your attorney, the prosecutor, or this court" had made any promises or threats to induce him to enter his plea, appellant responded, "No, Your Honor." Appellant confirmed his

understanding about his plea and the proceedings, responded affirmatively to his satisfaction with defense counsel, and entered a guilty plea to both counts. Appellant confirmed that his pleas were voluntary and "done of your own free will and desire[.]" Defense counsel expressed his belief that the trial court had satisfied Crim.R. 11 and that appellant's plea was being made in a knowing, voluntary, and intelligent fashion.

{¶ 4} At the conclusion of the plea hearing, the assistant prosecutor wished to address his statement from the beginning of the plea hearing that no threats or promises had been made. He wanted to place on the record that the state "did consider reindictment in this case * * *. Not necessarily a threat or a promise, but we decided not to reindict. And the defendant was going to plead guilty to this indictment." The assistant prosecutor indicated his statement "was completely accurate about that," and defense counsel stated that was "[f]air."

{¶ 5} On July 28, 2020, a sentencing hearing was held at which appellant appeared via video from county jail, while defense counsel and the assistant prosecutor were present in the courtroom. The record reflects that a presentence investigation report was prepared. Defense counsel spoke to mitigating factors, including appellant taking responsibility for his actions and being remorseful, and he discussed the tragedy that occurred.

{¶ 6} The charges in this case arose in relation to an incident during which appellant was driving his on-again-off-again romantic partner, B.A., who was pregnant with his child, to nursing school when she exited his moving vehicle and

hit the pavement. Ultimately, B.A. tragically died from her injuries. Appellant briefly stopped, but then fled the scene with his vehicle. He called 911 to report the incident and where B.A. was located, but he provided inaccurate information regarding the type of vehicle he was driving. Within two hours of the incident, appellant visited defense counsel's office to explain what occurred. Defense counsel did not observe any scars, scratches, or wounds suggestive of a struggle. Defense counsel contacted the authorities, and the next day, appellant turned himself in, provided a statement to the police, and made his car available.

{¶ 7} Defense counsel emphasized that no charges were brought against appellant relating to B.A.'s death, that appellant had taken responsibility for having fled the scene and having provided false vehicle information, and that after initially panicking, appellant took appropriate action. Defense counsel discussed additional mitigating factors, including appellant's need for mental-health medication following the tragedy.

{¶ 8} Appellant addressed the court. He expressed his anguish over the tragedy, admitted he panicked, and accepted full responsibility for his actions.

{¶ 9} The assistant prosecutor stressed that appellant left his pregnant girlfriend "bleeding and dying on the side of the road as he took off," and advised police in the 911 call that he was coming to the police station, but then he went to defense counsel's office almost two hours later after having lied to the police about the vehicle he was in. The assistant prosecutor discussed appellant's lengthy criminal history, which included 13 felony convictions since 2009 and a prior

juvenile record. The record also reflects appellant was on postrelease control for a prior offense when the offenses in this case were committed. Family members of B.A. were present in the courtroom, and her sister made a statement to the court.

{¶ 10} The trial court commented that appellant was "lucky to get a lesser charge than what some people think * * * you should have been charged with[.]" However, the trial court recognized that "I can only sentence you according to what you pled guilty to and tampering with evidence, removing the item that would maybe tell the true story of what happened, that's the worst form of the offense." The trial court reiterated that the tampering with evidence was removing the vehicle that caused the injury. The trial court also considered appellant's extensive criminal record.

{¶ 11} The trial court sentenced appellant to maximum prison terms of 36 months on Count 1 and 12 months on Count 2, with the counts to run consecutive to each other for a total prison term of four years. The trial court made the requisite findings for imposing consecutive sentences. The trial court also advised appellant of postrelease control. At the conclusion of the sentencing hearing, defense counsel placed an objection to the sentence on the record.

{¶ 12} Appellant timely filed this appeal.

**Law and Analysis**

{¶ 13} Appellant raises eight assignments of error for our review. We shall address them out of order and together where appropriate.

{¶ 14} Under his first assignment of error, appellant claims the trial court failed to meet the requirements of Crim.R. 43 regarding waiver, which he asserts resulted in a waiver that was not knowingly, intelligently, and voluntarily made. Under his second assignment of error, appellant claims the trial court erred in permitting virtual attendance by appellant at the sentencing hearing.

{¶ 15} The Supreme Court of Ohio has recently addressed this issue and recognized that "[a] defendant has a fundamental right to be present at all critical stages of his criminal trial." *State v. Grate*, Slip Opinion No. 2020-Ohio-5584, ¶ 83, citing Article I, Section 10, Ohio Constitution; Crim.R. 43(A). "A defendant's absence, however, does not necessarily result in prejudicial or constitutional error." *Id.* "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" *Id.*, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

{¶ 16} "The constitutional guarantees which mandate the presence of the accused, absent a waiver of his rights, at every stage of his trial are embodied in Crim.R. 43(A)." *State v. Maynard*, 10th Dist. Franklin No. 11AP-697, 2012-Ohio-2946, ¶ 41, citing *State v. Homesales, Inc.*, 190 Ohio App.3d 385, 2010-Ohio-5572, 941 N.E.2d 1271, ¶ 8 (1st Dist.). Crim.R. 43 requires the physical presence of the defendant "at every stage of the criminal proceeding and trial, * * * except as otherwise provided by these rules." Crim.R. 43(A)(1). Pursuant to Crim.R. 43(A)(2), in felony cases where a waiver is obtained in accordance with Crim.R. 43(A)(3), the

court may permit the defendant's presence and participation by remote contemporaneous video provided the following requirements are met:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates and consents.

Crim.R. 43(A)(3) permits the defendant to "waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court."

{¶ 17} Appellant argues that the waiver on the record at the change-of-plea hearing did not make clear what the defendant was waiving. He states he was never explained his right to be physically present, nor was he advised that he was waiving that right to appear. Appellant also argues that he never waived physical presence at the sentencing hearing. He states he was the only speaking participant to appear virtually at his own sentencing hearing, and he suggests that the trial court gave more weight to the speakers who appeared in person and that he did not receive a fair hearing. He argues that the requirements of Crim.R. 43 were not met at both hearings.

{¶ 18} A violation of Crim.R. 43 can constitute harmless error when the defendant suffers no prejudice. *State v. Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101, ¶ 9; *State v. Steimle*, 8th Dist. Cuyahoga No. 95076, 2011-Ohio-1071, ¶ 17. Additionally, when a defendant fails to object to attending a hearing via video conference on the record, he forfeits all but plain error. *State v. Howard*, 2d Dist. Greene No. 2012-CA-10, 2012-Ohio-4747, ¶ 7; *Steimle* at ¶ 17; *State v. Edwards*, 8th Dist. Cuyahoga No. 95976, 2011-Ohio-3472, ¶ 11. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An error affects substantial rights only if it affected the outcome of the proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 19} Here, appellant and his counsel appeared at the change-of-plea hearing via Zoom from defense counsel's office. The record shows the assistant prosecutor requested a Crim.R. 43 "waiver of appearance in the courtroom" be placed on the record, and defense counsel indicated "[defendant] consents to do this by Zoom video." It would appear that appellant had spoken with defense counsel prior to the plea hearing. Appellant engaged in a plea colloquy with the trial judge and was able to understand the Crim.R. 11 advisements given. During the hearing, appellant indicated his satisfaction with counsel's performance, and the record shows his plea was knowingly, intelligently, and voluntarily made.

{¶ 20} The record also shows that appellant was able to participate in the sentencing hearing, appellant was adequately represented by defense counsel and

mitigating factors were presented, and appellant was permitted to address the court. Although appellant indicated at one point that he could not hear that well, an adjustment was made and he proceeded to respond to questions from the court. No objection was raised with regard to the inability to hear any portion of the proceeding, and our review of the record shows appellant was able to effectively understand and participate in the proceeding. Also, contrary to appellant's assertion, there is no indication that the trial court gave any greater consideration to statements of participants who appeared in person.

{¶ 21} Our review reflects that appellant fully participated in both hearings, and he was not prevented from having a fair and just hearing. Appellant fails to show a prejudicial or constitutional error occurred. Because appellant has not shown that his substantial rights were affected, no plain error exists. *See State v. Wood*, 5th Dist. Knox No. 20CA000010, 2020-Ohio-4251, ¶ 25-26. Further, to the extent any requirements of Crim.R. 43 were not satisfied, the error was harmless because no prejudice occurred. *See Steimle,* 8th Dist. Cuyahoga No. 95076, 2011-Ohio-1071, at ¶ 17-18. Accordingly, the first and second assignments of error are overruled.

{¶ 22} Under his fifth assignment of error, appellant argues his plea was not knowingly, intelligently, and voluntarily made because he claims the prosecution threatened to reindict him on more serious charges if he exercised his constitutional right to a jury trial. Appellant further argues that prosecutorial misconduct and

vindictive prosecution occurred and alleges the assistant prosecutor acted with animus to dissuade him from exercising his constitutional right to trial.

{¶ 23} Our review of the record shows that the state expressed that it was considering reindicting appellant during the negotiations. The state decided not to reindict appellant on more serious charges because he agreed to plead guilty to the indictment in this case. Appellant confirmed at the change-of-plea hearing that his pleas were "voluntary" and entered of his "own free will and desire."

{¶ 24} As the United States Supreme Court recognized in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978),

> Plea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial. [*Brady v. United States*, 397 U.S. 742, 752, 758, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)]. Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation. [*Id.* at 758]. Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process. * * *.
>
> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable" — and permissible — "attribute of any legitimate system which tolerates and encourages the negotiation of pleas." [*Chaffin v. Stynchcombe*, 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973)]. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

*Bordenkircher* at 363-364.

{¶ 25} Thus, as this court has recognized: "A prosecutor is permitted to use the possibility of reindictment on more serious charges as an inducement in the plea bargain process," and this is not a violation of due process. *State v. Tolliver*, 8th Dist. Cuyahoga No. 108955, 2020-Ohio-3121, ¶ 29, citing *State v. Staten*, 7th Dist. Mahoning No. 03 MA 187, 2005-Ohio-1350, ¶ 47. Therefore, the assistant prosecutor acted properly in using the possibility of reindictment on more serious charges to persuade appellant to accept the plea deal. Additionally, the circumstances herein do not establish prosecutorial misconduct or vindictive prosecution.

{¶ 26} The record demonstrates that appellant's pleas were knowingly, intelligently, and voluntarily made. Accordingly, the fifth assignment of error is overruled.

{¶ 27} Under his third and fourth assignments of error, appellant claims he was denied effective assistance of counsel. He argues that his trial counsel stood idle and allowed him to plead to maximum consecutive sentences on the indictment. He also claims counsel failed to request merger.

{¶ 28} "[A]ppellate courts generally review ineffective assistance of counsel claims on a de novo basis * * *." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53. In order to prevail on an ineffective assistance of counsel claim, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984); *Grate*, Slip Opinion No. 2020-Ohio-5584, at ¶ 49. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 29} Appellant argues that defense counsel was ineffective for failing to take sufficient action to mitigate the outcome of the sentence. He argues that no motions were filed outside of basic discovery, no sentencing memorandum was filed, and defense counsel did not request a sentence less than the maximum consecutive sentences that were imposed. He further argues defense counsel did not request the case be moved to the mental health docket, and he failed to object to the court's consideration of B.A.'s death. Additionally, appellant claims defense counsel should have requested a merger of allied offenses at sentencing.

{¶ 30} The Supreme Court of Ohio has recognized that "'[t]he presentation of mitigating evidence is a matter of trial strategy[.]'" *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 304, quoting *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 189. Here, defense counsel offered a mitigation presentation to the trial court that included a lengthy discussion of appellant having accepted full responsibility for his actions and appellant's remorse. Defense counsel discussed the tragedy that occurred, and he pointed out that after initially panicking, appellant took appropriate action in the matter. Our review

reflects that the mitigation presentation was not deficient. The record also demonstrates that defense counsel decided on a strategy of pleading to the charge, accepting responsibility, and showing remorse in an effort to receive a non-maximum sentence. The fact that this strategy did not work does not require a finding of ineffective assistance of counsel. *See State v. Burch*, 7th Dist. Jefferson No. 12 JE 28, 2013-Ohio-4256, ¶ 46.

{¶ 31} Likewise, the failure to request the case be moved to the mental health docket and the failure to object to any insinuation that appellant caused B.A.'s death fell within the realm of trial strategy. Defense counsel informed the court of appellant's need for mental-health medication following the tragedy. Defense counsel also emphasized that no charges were brought against appellant relating to B.A.'s demise, and the trial court was well aware it could only sentence appellant for the offenses with which he was charged. After the sentence was imposed, defense counsel placed an objection on the record. We are unable to find counsel's performance was deficient in regard to mitigating the outcome of the sentence.

{¶ 32} Next, we are unable to find counsel was ineffective for failing to request a merger of the offenses. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio held that pursuant to R.C. 2941.25(B), "a defendant whose conduct supports multiple offenses may be convicted of all the offenses if * * * (1) the conduct constitutes offenses of dissimilar import, (2) *the conduct shows that the offenses were committed separately*, or (3) the conduct shows that the offenses were committed with separate animus."

(Emphasis added.) *Id.* at paragraph three of the syllabus. In this case, the record reflects the offense of tampering with evidence was committed the moment appellant removed his vehicle from the scene prior to the arrival of the police or emergency medical personal. The trial court recognized that the tampering with evidence charge involved "the removal of the item" that caused the injury. The offense of obstructing official business related to appellant's separate conduct of misidentifying his vehicle to the 911 dispatcher and misinforming the dispatcher that he was driving to the police station, when he instead went to meet with his attorney. Because the conduct shows that the offenses were committed separately, defense counsel was not ineffective for failing to request merger.

{¶ 33} Upon our review, we find appellant has failed to demonstrate counsel's performance was deficient or that any deficient performance prejudiced him. Therefore, we overrule appellant's third and fourth assignments of error.

{¶ 34} Under his sixth assignment of error, appellant claims the trial court improperly considered victim impact testimony while sentencing appellant on victimless crimes. Appellant argues that because B.A.'s death was not caused by the conduct giving rise to the charges, that B.A. was not a victim of the offenses.

{¶ 35} Our review reflects that no objection was raised during the sentencing hearing. Further, because there is no indication in the record that the sentence imposed was the result of the victim impact statement given, no reversible error occurred. Rather, our review shows the trial court properly considered appellant's extensive criminal record along with the seriousness of the tampering with evidence

and obstructing official business offenses with which appellant was charged. The obstructing official business charge included a furthermore clause that appellant created a risk of physical harm to a person.

{¶ 36} The trial court was aware that appellant was not charged with offenses relating to the deceased's death and that appellant had been charged only with tampering with evidence and obstructing official business. As pointed out by the assistant prosecutor, appellant left his pregnant girlfriend "bleeding and dying on the side of the road as he took off" and advised police in the 911 call that he was coming to the police station, but then went to defense counsel almost two hours later after having lied to the police about the vehicle he was in. The trial court did not attribute B.A.'s death to appellant, but rather considered the impact of the tragic incident that resulted in B.A.'s death as it related to the seriousness of the charges at hand. As found by the trial court, removing the vehicle that caused the injury was the worst form of the offense. We find no reversible error occurred and overrule appellant's sixth assignment of error.

{¶ 37} Under his seventh and eighth assignments of error, appellant claims his sentence is contrary to law because the trial court failed to properly weigh the relevant statutory principles and factors and refused to consider mitigating factors.

{¶ 38} Appellant claims the sentence imposed by the trial court is inconsistent with the purposes of felony sentencing and argues the trial court improperly weighted the sentencing factors. In the trial court's sentencing entry, the court stated it "considered all required factors of the law" and found "that prison

is consistent with the purpose of R.C. 2929.11." The Supreme Court of Ohio has repeatedly held that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793 (2000). Furthermore, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶ 39} Nevertheless, appellant again argues that the trial court improperly considered uncharged conduct when rendering the sentencing decision. We find no merit to this argument. Although the trial court was aware of the tragic incident that occurred, the trial court was aware that appellant had not been charged in relation to B.A.'s death and expressed that it was sentencing appellant on the offenses for which he was charged. The trial court properly considered the purposes of felony sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and there is nothing in the record that suggests otherwise.

{¶ 40} Additionally, insofar as appellant challenges the maximum consecutive sentences that were imposed, the record demonstrates that the requisite findings for imposing consecutive terms were made pursuant to R.C. 2929.14(C) and incorporated into the sentencing entry in accordance with *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Appellant does not dispute that the

findings were made. Further, we are unable to find that the record does not clearly and convincingly support the findings.

{¶ 41} Last, appellant claims that the trial court indicated it would refuse to consider any supporting documentation that was not typed. The record shows that this instruction was given at the change-of-plea hearing. The trial court clarified that if letters of support were handwritten, defense counsel's office could type them. There is no indication in the record that the trial court refused to accept any letters or documents submitted by the appellant or his family. Nor does the record show the trial court refused to consider any mitigating factors. Accordingly, we overrule the seventh and eighth assignments of error.

{¶ 42} Finally, this court has thoroughly reviewed the record and has considered all arguments presented in the briefs. We find no merit to any arguments not specifically addressed herein.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR