[Cite as *State v. Hopkins*, 2023-Ohio-4311.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  Nos. 112430 and 112704

    v.                                  :

MAR'RAY HOPKINS,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-660919-A and CR-21-660920-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  In this consolidated appeal, defendant-appellant, Mar'ray Hopkins, appeals from the trial court's decision denying his presentence motion to withdraw

his guilty plea and from the trial court's imposition of a sentence pursuant to the Reagan Tokes Law. For the reasons that follow, we affirm.

{¶ 2} In July 2021, Hopkins was charged for offenses in two separate indictments. In Cuyahoga C.P. No. CR-21-660919, the state charged him with aggravated murder (Count 1), two counts of murder (Counts 2 and 3), two counts of felonious assault (Counts 4 and 5), and one count of having weapons while under disability (Count 6). Counts 1 through 5 carried both one- and three-year firearm specifications. The charges arose from the December 2020 shooting death of Kenneth Blair. In Cuyahoga C.P. No. CR-21-660920, Hopkins was charged with one count each of felonious assault and domestic violence. These charges arose from an April 2021 incident involving a family member.

{¶ 3} In January 2023, following discovery and multiple pretrials where plea offers were made but Hopkins rejected, Hopkins entered into a plea agreement with the state. Regarding case No. 660919, Hopkins agreed to plead guilty to an amended Count 1, involuntary manslaughter, with the attendant three-year firearm specification; Count 5, felonious assault, with the attendant three-year firearm specification; and Count 6, having weapons while under disability. In exchange, the state agreed to dismiss the remaining offenses and specifications. Regarding case No. 660920, Hopkins agreed to plead guilty to Count 1, felonious assault, in exchange for the state dismissing the domestic violence offense.

{¶ 4} In addition to the charges to which Hopkins agreed to plead guilty, Hopkins and the state entered into an agreed-recommended sentence, which

included imposing a sentence pursuant to the Reagan Tokes Law. Regarding case No. 660919, the parties agreed and jointly recommended that the trial court impose a maximum consecutive sentence on all counts, specifically Count 1 — 11 to 16.5 years, plus three years for the firearm specification; Count 5 — eight years, plus three years on the firearm specification; and Count 6 — three years, for a total aggregate sentence of 28 to 33.5 years in prison. Regarding case No. 660920, the parties agreed and jointly recommended that the trial court impose an eight-year sentence that would run concurrent with the sentence imposed in case No. 660919.

{¶ 5} The trial court conducted a thorough and complete change-of-plea hearing and advised Hopkins of his Crim.R. 11 rights, verified with Hopkins that he understood by pleading guilty he waived those rights, and confirmed that Hopkins understood the nature of the offenses, the effects of his plea, and the maximum penalties involved. Additionally, the court stated on multiple occasions throughout the hearing that it would impose the agreed, recommended sentence of 28 to 33.5 years. All parties agreed that the trial court complied with Crim.R. 11 prior to Hopkins entering his guilty pleas in accordance with the plea agreement. The court continued the matter for sentencing; Hopkins waived the preparation of a presentence-investigation report.

{¶ 6} On January 10, 2023, Hopkins appeared for sentencing, but his attorneys advised the trial court that he wished to withdraw his guilty pleas. When the trial court asked him why he wanted to withdraw his plea, Hopkins stated:

> Well, I really want to withdraw because I had time to think, and, you know what I'm saying, I rather would [sic] go to trial. Me and my family had a talk, and we want to hire new counsel.

(01/10/2023 hearing, tr. 2.) When the trial court asked again about his reasons, Hopkins stated he wanted to "go to trial, and I don't feel right with the plea." (Tr. 3.) The trial court continued the matter for a hearing on the motion and ordered a transcript of the plea hearing.

{¶ 7} On January 24, 2023, the trial court conducted a full and complete hearing on Hopkins's motion to withdraw his plea. After reviewing the transcript and considering statements from both Hopkins and the prosecutor, the trial court denied Hopkins's motion to withdraw his plea. The court then sentenced Hopkins to the agreed and jointly recommended sentence of 28 to 33.5 years in prison.

{¶ 8} This appeal followed.

## I. Presentence Motion to Withdraw Guilty Pleas

{¶ 9} In his first assignment of error, Hopkins contends that the trial court erred when it denied his presentence motion to withdraw his guilty plea.

{¶ 10} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 11} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute

right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶ 12} The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion occurs only when no sound reasoning process exists to support the decision, or where the trial court exhibited an arbitrary or unconscionable attitude when it denied the motion. *See AAAA Ents., Inc. v. RiverPlace Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 13} Courts have traditionally considered nine factors when reviewing a trial court's decision denying a defendant's presentence motion to withdraw a guilty plea. Those factors include whether a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered the plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 14} Additionally, consideration is given to whether (5) the motion was made in a reasonable time, (6) the motion stated specific reasons for withdrawal, (7) the defendant understood the nature of the charges and the possible penalties, and

(8) the defendant had evidence of a plausible defense. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), *see also State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269. Finally, courts have considered (9) "whether the state would be prejudiced if the defendant were permitted to withdraw his guilty plea." *State v. Barnes*, Slip Opinion No. 2022-Ohio-4486, ¶ 32 (Brunner, J., concurring), citing *State v. Richter*, 8th Dist. Cuyahoga Nos. 46122 and 46123, 1983 Ohio App. LEXIS 15476, 2 (Sept. 29, 1983).

{¶ 15} At the hearing on Hopkins's motion to withdraw his plea, the trial confirmed that at the prior hearing, Hopkins expressed that he wanted to withdraw his plea because he wanted to go to trial and that he was not comfortable with his plea. Hopkins explained further why he wanted to withdraw his plea:

> I mean, I just — honestly I would like to withdraw, and I just feel like I don't have the same trust and confidence that I did, that I once had in my lawyers.

(01/24/2023 hearing; tr. 2.)

{¶ 16} At the hearing, the state conceded that Hopkins's request to withdraw his plea was timely — it occurred at the sentencing hearing, which was only four days after his plea hearing. The state then addressed all of the relevant nine factors and advanced that Hopkins's motion to withdraw was not premised on any defense or claim of innocence, but merely a change of heart.

{¶ 17} In denying Hopkins's motion, the trial court stated that it had reviewed the transcript of the plea hearing and considered Hopkins's arguments for withdrawal. The court then addressed the relevant factors, highlighting that

Hopkins's attorneys "successfully negotiated an enormous reduction from the exposure [he was] facing had [he] gone to trial. You had multiple charges of unclassified felonies, aggravated murders and murder." (Tr. 8.) The court stated that it reviewed the Crim.R. 11 plea colloquy, finding that it adhered to the Crim.R. 11 requirements and that Hopkins had never expressed any confusion, hesitation, or protestations of innocence before entering his plea. Finally, the court denied Hopkins's motion, finding that the record and his reasons for withdrawing demonstrated that Hopkins had only a change of heart. (Tr. 10.)

{¶ 18} On this record, we find no abuse of discretion in the trial court's judgment denying Hopkins's motion to withdraw his plea. The record reveals that after the trial court reviewed the plea, hearing transcript, it held a complete hearing on Hopkins's motion to withdraw his guilty plea and gave full and fair consideration to his request. The trial court considered the relevant factors, including that Hopkins was represented by two attorneys and that he received a full Crim.R. 11 hearing at which he unequivocally stated that he understood the nature of the charges, the effect of his plea, and that he wanted to enter into the plea, including the agreed-upon sentence, which Hopkins knew at the time of his plea that the court would impose. *See* 01/06/2023 hearing, tr. 8, 15, 16, and 18 (trial court detailing and explaining how the sentences would be imposed on each count and calculated). Accordingly, Hopkins possessed all of the pertinent information at the plea hearing that he needed to enter a knowing, intelligent, and voluntary plea. And at no time did Hopkins express confusion, have any questions, or ask the trial court to clarify

or further explain his rights, waiver of those rights, nature of the offenses, effects of the plea, or potential penalties.

{¶ 19} Hopkins does not contend that the trial court failed to consider the relevant factors, but focuses on the premises that a presentence motion to withdraw a guilty plea should be freely and liberally granted and a finding of "change of heart" forecloses a defendant from ever just changing his mind to withdraw his plea.

{¶ 20} In support, he relies on *State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, where this court found that the trial court erred in denying Hines's motion to withdraw his plea because the record demonstrated that Hines's request was more than a "change of heart." *Id*. at ¶ 18. This court found that Hines's request was timely and genuine based on his confusion and lack of understanding as to his plea. Hines claimed that he was innocent of the offenses and blindsided by the events of the change-of-plea hearing based in part on lack of communication with his then-attorney, which caused him to dismiss his attorney and obtain new counsel, who appeared with him at the hearing. This court found that Hines had a reasonable and legitimate basis for requesting to withdraw his plea beyond a mere change of heart, and that the trial court should have freely granted Hines's request.

{¶ 21} Subsequent to *Hines*, the Ohio Supreme Court revisited *Xie* in considering what constitutes a legitimate reasonable basis for a presentence withdrawal of a guilty plea. *Barnes*, Slip Opinion No. 2022-Ohio-4486. The court did not overrule the *Peterseim* and *Heisa/Fish* factors but found that they are not applicable "when a defendant discovers evidence that would have affected his

decision to plead guilty" thereby serving as "a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Id*. at ¶ 24. In *Barnes*, the record reflected that Barnes pleaded guilty to the shooting "not because there was evidence that he actually committed the crime," but that "he pleaded guilty because he believed there was no evidence that corroborated his self-defense claim." *Id*. at ¶ 26. Following his plea, he discovered that the surveillance video also had audio, which he listened to for the first time. He maintained that the audio portion of the recording established that he did not shoot first, which supported his self-defense claim. Based on this newly discovered evidence, the Supreme Court found that Barnes's request was based on reasonable and legitimate grounds, and therefore should have been granted. *Id*.

{¶ 22} Unlike in *Hines*, Hopkins did not assert any claim of innocence, that he was confused or misunderstood the nature of the plea, or that he was blindsided at the plea hearing by any miscommunication or inconsistent advice. Rather, Hopkins contended only that he wanted to go to trial, he did not feel right about the plea, and that he now lacked trust and confidence in his attorney, without any stated justification. Accordingly, Hopkins's reliance on *Hines* is misplaced.

{¶ 23} And unlike in *Barnes*, Hopkins did not assert any defense or newly discovered evidence to support his basis for withdrawing his plea. The record shows that the state set forth that Hopkins's sister-in-law identified Hopkins as the shooter when she called 911 directly after the shooting, the DNA obtained from the shell casings from the scene matched Hopkins's DNA, and according to police, Hopkins

confessed to pulling the trigger. Accordingly, the record clearly demonstrates that Hopkins did not set forth a legitimate and reasonable basis to withdraw his plea, but merely had a change of heart.

{¶ 24} Hopkins advances an additional argument on appeal that he did not raise before the trial court to justify why he should be allowed to withdraw his plea — that he entered into his guilty plea outside the presence of the trial court and he did not waive this right as guaranteed under Crim.R. 43.

{¶ 25} The record reflects that at the change-of-plea hearing, Hopkins, his counsel, and the prosecutor were present in the courtroom while the trial judge appeared remotely by Zoom. Hopkins did not object to the trial court appearing remotely or conducting the plea hearing by Zoom. Moreover, at the hearing on his motion to withdraw, Hopkins did not assert as a basis to withdraw his plea that his Crim.R. 43 rights were violated when the trial court conducted the plea hearing by Zoom.[1] Accordingly, he has waived all but plain error. *See State v. Carner*, 8th Dist. Cuyahoga No. 109914, 2021-Ohio-2312, ¶ 18, citing Crim.R 52(B) (failure to object to appearing by video conference waives all but plain error, which will only be found if it affected the outcome of the proceedings). Hopkins has not demonstrated how the outcome of the proceedings would have been different had the trial court taken into consideration that Hopkins was not in the physical presence of the trial court when he entered his guilty pleas. Hopkins was present in the courtroom with

---

[1] We further note that Hopkins has not raised as a separate assignment of error that his plea is invalid because his Crim.R. 43 rights were violated.

counsel and the prosecutor, who both agreed that the court, despite appearing remotely, fully complied with Crim.R. 11 prior to accepting Hopkins's guilty pleas. Neither Hopkins nor his attorney stated during the plea hearing that they could not hear or understand the trial court, and Hopkins has not asserted that any technical difficulties occurred during the hearing. Accordingly, we find no plain error.

{¶ 26} Based on the record before this court, the trial court did not abuse its discretion in denying Hopkins's presentence motion to withdraw his plea. His first assignment of error is overruled.

## II. Reagan Tokes Law

{¶ 27} Hopkins contends in his second assignment of error that the trial court erred when it sentenced him to an indefinite sentence under S.B. 201, commonly referred to as the Reagan Tokes Law, because the law is unconstitutional under the United States and Ohio constitutions because it violates due process, the separation-of-powers doctrine, and the right to trial by jury.

{¶ 28} Recently, the Ohio Supreme Court rejected the arguments Hopkins raises challenging the constitutionality of the Reagan Tokes Law. *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535. The court held that the Reagan Tokes Law is not facially vague or unconstitutional because (1) it provides that offenders receive a hearing before the Department of Rehabilitation and Correction ("DRC") may extend their prison sentence beyond the minimum but within the maximum term imposed by the trial court, (2) the right to a jury trial is not implicated since no determination by the DRC at the hearing changes the sentence range prescribed by

the legislature and imposed by the trial court, and (3) the authority it gives the DRC to extend an offender's prison sentence beyond the minimum but within the maximum range imposed by the trial court does not exceed the power given to the executive branch of the government and does not interfere with the trial court's discretion when sentencing the offender. *Id.* at ¶ 25, 28, 40. Accordingly, based on the authority of *Hacker*, this court summarily overrules Hopkins's challenges to the Reagan Tokes Law and his second assignment of error.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR